**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMBER SMITH | : | |
|       PLAINTIFF | : | CIVIL ACTION – LAW |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| WYOMING COUNTY DISTRICT ATTORNEY'S OFFICE | : | NO. _____ |
| | : | |
| JOSEPH PETERS | : | |
| | : | |
| DAVID IDE | : | |
| | : | |
| JOHN/JANE DOES I-X | : | |
|       DEFENDANTS | : | |

**COMPLAINT**

AND NOW, comes Plaintiff, by and through her Counsel, Comerford Law, and files this Complaint, averring as follows:

1. This action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 because the factual basis for all claims stated herein occurred in the Middle District of Pennsylvania and because Plaintiff and Defendants reside in and/or maintain their principal places of business in the Middle District.

1

## The Parties

4. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

5. Plaintiff Amber Smith is a resident of Pennsylvania and resides within the Middle District of Pennsylvania.

6. Defendant Wyoming County District Attorney's Office ("Defendant District Attorney") is a government entity organized and operating under the laws of the Commonwealth of Pennsylvania that acts as the chief law enforcement agency in Wyoming County pursuant to Pennsylvania law.

7. Defendant Joseph Peters ("Defendant Peters") is the elected District Attorney of Wyoming County in the Middle District of Pennsylvania. At all times relevant to this Complaint, Defendant Peters was employed by and in charge of Defendant District Attorney. Defendant Peters is being sued in his individual capacity.

8. Defendant David Ide ("Defendant Ide") is a detective employed by Defendant District Attorney in the Middle District of Pennsylvania. At all times relevant to this Complaint, Defendant Ide was acting under color of state law in his capacity as a detective for Defendant District Attorney. Defendant Ide is being sued in his individual capacity.

9. Defendants John/Jane Does I-X ("the John Doe Defendants") are members of law enforcement working at the direction of Defendant District Attorney and employed by that office or another law enforcement agency within the Middle District. At all times relevant to this Complaint, the John Doe Defendants were acting under color of state law in their capacity as law enforcement. These Defendants are being sued in their individual capacities.

## The Facts

10. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

11. On April 26, 2022, Defendant Ide applied for a search warrant ("the Warrant") for a "multi-story wooden structured [*sic*] white colored residence with detached garage, sheds and outbuildings, located at 43 College Avenue, Factoryville Borough, Wyoming County, Pennsylvania" ("the Premises").

12. At all times relevant hereto, Plaintiff resided at one apartment within the Premises, which also included numerous different apartments.

13. Plaintiff's apartment was not the subject of any of the investigation detailed herein, and no probable cause existed to search her apartment at any time.

14. The Warrant was the culmination of a month-long investigation into drug dealing at a single apartment in the Premises.

15. On March 25, 2022, a confidential informant ("CI #1") told Tunkhannock Borough Police Officer Rickey Stevens that he purchases marijuana from a Lackawanna College student – Montez Gaskin – who was residing off-campus at a residence determined to be the Premises.

16. The last time he had made a purchase from the Premises was "in the previous days" before that interview.

17. On March 29, 2022, Defendant Ide and Wyoming County Deputy Sheriff Patrick Butkiewicz met with CI #1, who had planned to conduct a controlled purchase from Gaskin.

18. Per Defendant Ide's Affidavit in Support of the Warrant, CI #1 "was then driven by this officer in close proximity to the *apartment* of Gaskin, located at 43 College Avenue. The Confidential Informant was then observed to walk directly *to the rear of the apartment* of Gaskin." (Emphasis added).

19. Defendant Ide watched CI #1 wait at the rear entrance of Gaskin's apartment and watched Gaskin admit CI #1 into the apartment.

20. Per the affidavit, shortly thereafter, CI #1 exited "the rear apartment of Gaskin" with marijuana.

21. CI #1 told Defendant Ide that Gaskin was "in possession of upwards of eighteen pounds of Marijuana *in his 43 College Avenue Apartment*." (Emphasis added).

22. On April 7, 2022, CI #1 arranged another transaction with Gaskin which was supervised by Defendant Ide and Sheriff Butkiewicz.

23. On that day, CI #1 again went to the rear porch entrance of the Premises and was admitted; he later exited from the same door with marijuana provided to him by Gaskin.

24. This was the totality of the relevant evidence contained in the Affidavit of Probable Cause in Support of the Warrant relating to the Premises.

25. Despite the last evidence existing regarding the Premises being uncovered on April 7, 2022, Detective Ide failed to apply for a search warrant until April 26, 2022, which was not executed until April 27, 2022.

26. At the time that the search was conducted, and at all relevant times leading up thereto, the Premise was a building consisting of at least three separate, independent, and divided apartment units.

27. These apartment units were unconnected and separately leased by separate parties.

28. Each apartment had its own separate entrance to the outside of the Premises.

29. It was obvious that the Premises contained multiple apartments. There were three separate doors to three separate areas facing forward on the front porch of the house.

30. Furthermore, in addition to it being obvious, Defendants knew, prior to authoring the Affidavit, approving the warrant, and executing the warrant, that the Premises contained multiple apartments.

31. All of the evidence in the Affidavit in Support of the Warrant was limited to the second-floor apartment which was accessed by an outside door on the rear deck.

32. Plaintiff's apartment was on the first floor.

33. Furthermore, Defendant Ide lied and/or omitted material information, and Defendant Peters knowingly permitted and affirmed this lie and/or omission, in the Affidavit by not telling the Magistrate that the Premises consisted of multiple apartments and leaving him with the distinct impression that it did not.

34. Peters said that this was the result of a "proacted uncover [*sic*] investigation," describing it as "more than a month of intensive undercover and other investigations."

35. Defendant Peters knew they probable cause did not exist and/or that the search warrant was overbroad, nevertheless, he approved the warrant, and advised Defendant Ide as to its legality.

36. It is clear from the depth, length, and nature of the investigation that Defendants knew of the multi-apartment nature of the Premises.

37. The Search Warrant Application listed the date(s) of violation as "diverse times from 29 Mar. 22 to present."

38. This was not true.

39. The search warrant was executed by Defendant Ide and the John Doe Defendants.

40. Police executed the warrant at nighttime, despite the fact that they did not have probable cause to do so and despite the fact that the Magistrate who signed the warrant did not authorize it.

41. When police entered the Premises, they entered through one of the front doors, rather than through the rear apartment door to which they believed they had probable cause to search.

42. Despite it being clear that there were multiple apartments for which they did not have probable cause to search, they chose to enter Plaintiff's apartment.

43. They entered Plaintiff's apartment through the bedroom wall on which her bed was located, crashing the wall in onto her bed.

44. Plaintiff was naked and attempted cover herself with a blanket, but her intimate parts were exposed to Defendants.

45. Defendants manhandled Plaintiff, zip-tying her forcibly and forcefully lifting and throwing her, hurting her wrists and exposing her naked body even further.

46. Officers spoke to Plaintiff for a great deal of time. As if it was not already abundantly clear, it further became clear to Defendants during that conversation and cursory review of Plaintiff's apartment that they did not have probable cause to search it.

47. Despite this, they sent Plaintiff away and then conducted a violent, unnecessarily destructive search of Plaintiff's apartment.

48. Defendants destroyed the apartment and destroyed items of Plaintiff's property.

49. They left the apartment a disaster.

50. At all times relevant hereto, Plaintiff was a completely innocent party with no criminal history.

51. Plaintiff had no affiliation to the second floor apartment, to drugs, to drug dealers, to the residents of that apartment, or to a confidential informant.

52. Nothing unlawful was found in Plaintiff's apartment whatsoever.

53. Despite all of the foregoing, Plaintiff was detained for two hours and not free to leave.

54. The search of Plaintiff's apartment was unconstitutional under the Fourth and Fourteenth Amendments for the following reasons:

    a. No probable cause existed to search Plaintiff's apartment;

    b. The Warrant was overbroad because it authorized the search of all apartments in an entire apartment building when probable cause only arguably existed for a single apartment;

    c. The information for probable cause of the single separate apartment was stale, and no probable cause existed at the time of the warrant;

    d. The search was executed in a manner which was unreasonable, as it was an unnecessary nighttime search without cause and without approval by a neutral magistrate; and/or

    e. The search was conducted in an unreasonable manner because, even if Defendants did not know previously that the Premises contained multiple separate apartments, during the execution of the Warrant, prior to entering Plaintiff's apartment, it became clear that the Premises contained multiple units and no probable cause existed to enter Plaintiff's apartment.

55. All of the foregoing was known to the Defendants and no reasonable officer would have applied for the warrant or relied on the warrant because it was so clear that no probable cause existed.

56. Plaintiff suffered damages including, but not limited to, the following:

    a. Humiliation;
    b. Emotional pain and suffering;
    c. Physical pain and suffering; and/or,
    d. Loss of property.

### Count I
### 42 U.S.C. § 1983: *Monell Liability*
### Plaintiffs v. Defendant District Attorney and Defendant Peters

57. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

58. Plaintiff was denied her rights to be free from false arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

59. Defendants developed, implemented, approved, and/or maintained a number of deficient customs, policies, and/or practices at the Department with deliberate indifference, which caused these violations.

60. This defective policy, custom, and practice is the moving force behind the violation of Plaintiff's rights to be free from false arrest.

61. Defendants failed to train their officers in identifying probable cause to search, knowing to a moral certainty, that training is necessary to prevent constitutional violations to members of the public.

62. Furthermore, Defendant Peters, a policymaker for Defendant District Attorney took personal part in the misbehavior discussed herein.

WHEREFORE, Plaintiff demands judgment in her favor against Defendants and seeks compensatory damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

## Count II:
## 42 U.S.C. § 1983: Unlawful Search
## Plaintiffs v. Defendants Ide, Peters, and John Doe Defendants

63. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

64. Defendants deprived Plaintiff of her right to be free from unreasonable search in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

65. Defendants were deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in her favor against Defendants and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

## Count III:
## 42 U.S.C. § 1983: Unlawful Seizure

**Plaintiffs v. Defendants Ide, Peters, and John Doe Defendants**

66. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

67. Defendants deprived Plaintiff of her right to be free from unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

68. Defendants were deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in her favor against Defendants and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

**Count III:**
**42 U.S.C. § 1983: Excessive Force**
**Plaintiffs v. Defendant Ide and John Doe Defendants**

69. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

70. Defendants deprived Plaintiff of her right to be free from excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

71. Defendants were deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in her favor against Defendants and seeks compensatory damages, punitive damages, nominal damages, and attorney's fees and court costs in excess of the jurisdictional limits.

Respectfully Submitted
COMERFORD LAW

>*/s/ Matthew T. Comerford, Esquire*
>Matthew T. Comerford, Esquire
>
>*/s/ Curt M. Parkins, Esquire*
>Curt M. Parkins, Esquire
>Attorneys for Plaintiff
>538 Biden Street, Suite 430
>Scranton, PA 18503
>570-880-0777
>570-880-0476 (fax)
>matt@comerfordparkins.com
>curt@comerfordparkins.com